IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


LISA HAYNES,

                Plaintiff,

     v.

CITY OF PORTLAND, OFFICER
GREG BALDWIN, individually, and
OFFICER JORDAN WINKEL,
individually,

                Defendants.

No. 3:14-cv-00255-HZ

OPINION & ORDER


Lisa Haynes
8415 NE Russell Street Unit A.
Portland, OR 97220

    Pro Se Plaintiff

HERNÁNDEZ, District Judge:

    Plaintiff brings this Section 1983 action for unlawful seizure in violation of the Fourth Amendment, failure to train, and assault and battery. Before the court is Plaintiff's motion for appointment of pro bono counsel [10] and motion to extend discovery and pretrial order

1 - OPINION & ORDER

deadlines [11].  I deny the motion for pro bono counsel because Plaintiff has not shown exceptional circumstances to warrant the appointment of counsel.  I grant the motion for extension of deadlines, and also order Plaintiff to serve Defendants and submit proof of service to the court within 30 days of this order.

Generally, there is no constitutional right to counsel in a civil case.  <u>United States v. 30.64 Acres of Land</u>, 795 F.2d 796, 801 (9th Cir. 1986).  However, pursuant to 28 U.S.C. § 1915(e)(1), this Court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances.  <u>Id.</u>  "The decision to appoint such counsel is within the sound discretion of the trial court and is granted only in exceptional circumstances."  <u>Agyeman v. Corrections Corp. of Am.</u>, 390 F.3d 1101, 1103 (9th Cir. 2004) (internal quotation omitted).  To determine if exceptional circumstances exist, the court evaluates the likelihood of plaintiff's success on the merits and "plaintiff's ability to articulate his claims in light of the legal issues involved."  <u>Id.</u> (internal quotation omitted), <u>cert. denied</u>, 545 U.S. 1128 (2005).

Plaintiff attests that she has exhausted all efforts to obtain legal counsel, but she has not specified what efforts have been made.  Plaintiff has not established that her efforts to obtain legal counsel have been unsuccessful due to her financial situation.  Plaintiff is also able to communicate in a manner understood by the court.  The complaint clearly states allegations to support the stated claims of unlawful seizure in violation of Plaintiff's Fourth Amendment, municipal liability for failure to train, and assault and battery.  The circumstances at this time do not warrant seeking volunteer counsel to accept a pro bono appointment.  Plaintiff's motion for appointment of counsel [10] is therefore denied.

Plaintiff also moves to extend discovery and pretrial deadlines. Current deadlines include: discovery completed by June 16, 2014, ADR Report due by July 14, 2014, and pretrial order due by July 14, 2014. The motion is granted and all deadlines are extended by 90 days.

It has also come to the court's attention that Defendants have not appeared and may not have been served with a summons and a copy of the complaint. Plaintiff was required to serve Defendants within 120 days after filing the complaint and submit proof of service to the court. Fed. R. Civ. P. 4(l), (m). Plaintiff filed her complaint on February 14, 2014. The 120-day deadline to serve Defendants has passed. If a defendant is not served within the 120-day deadline, a court "must dismiss the action without prejudice…or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Assuming that Defendants have not been served, I will allow Plaintiff additional time to serve Defendants. Plaintiff must serve Defendants and submit proof of service to the court within 30 days of this order. Failure to do so will result in a dismissal without prejudice.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

3 - OPINION & ORDER

CONCLUSION

Plaintiff's motion for appointment of pro bono counsel [10] is denied and Plaintiff's motion for extension of deadlines [11] is granted. All deadlines are extended by 90 days: discovery completed by September 15, 2014; ADR Report and pretrial order due by October 14, 2014. Furthermore, Plaintiff is ordered to serve Defendants and submit proof of service to the court within 30 days of this order or the case will be dismissed without prejudice.

IT IS SO ORDERED.

Dated this \_\_8\_\_ day of July, 2014.

*[signature: Marco Hernández]*

MARCO A. HERNÁNDEZ
United States District Judge