IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LISA HAYNES,

        Plaintiff,

    v.

CITY OF PORTLAND; OFFICER GREG BALDWIN, individually; OFFICER JORDAN WINKEL, individually,

        Defendants.

No. 3:14-cv-00255-HZ

OPINION & ORDER

Gerald Noble
Invision Law Firm
6830 NE Broadway, Ste. 17
Portland, OR 97213

    Attorney for Plaintiff

OPINION & ORDER - 1

James G. Rice
City of Portland
1221 SW Fourth Ave, Room 430
Portland, OR 97204

Attorney for Defendants

HERNÁNDEZ, District Judge:

      On February 14, 2014, Plaintiff Lisa Haynes filed a pro se complaint in which she alleged that defendants Greg Baldwin and Jordan Winkel, both officers of the Portland Police Bureau, violated her constitutional rights during an investigative stop in February of 2012. Ms. Haynes made an appearance at a Rule 16 conference with the Court and opposing counsel in November of 2014. After that conference, the Court entered a scheduling order [28] which set March 2, 2015, as the deadline to amend pleadings and add parties. At Haynes's request, the Court extended that deadline to April 24, 2015, though she never made an additional filing. On May 13, 2015, the Court set the matter for trial to commence on August 11, 2015. The Court subsequently issued a Pretrial Order [44] on July 13, 2015. On July 27, 2015, Mr. Gerald Noble made his first appearance on behalf of Haynes; he is now the attorney of record. The Court granted a motion to reset the trial date so Mr. Noble could become familiar with the case and conduct limited factual discovery. Currently before the Court is Haynes's motion for leave to file an amended complaint [58]. The motion is denied.

      Once the district court files a pretrial scheduling order pursuant to Federal Rule of Civil Procedure ("Rule") 16, the Rule 16 standard for modifying that order controls, not the more liberal standard found in Rule 15(a) related to amendment of pleadings. <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 607-08 (9th Cir. 1992). Rule 16 provides that such a schedule "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4).

OPINION & ORDER - 2

"Good cause" under Rule 16 "is not coextensive with an inquiry into the propriety of the amendment under Rule 15." Johnson, 975 F.2d at 609. "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Id. "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' " Id. (quoting FED. R. CIV. P. 16 advisory committee's notes (1983 amendment)).

Haynes has not demonstrated "good cause" in this case. Over nineteen months have elapsed since Haynes filed her complaint, and over six months have passed since discovery has closed. Prior to obtaining counsel, Haynes did not participate in this case in any meaningful way, other than to file a motion for an extension of time to file an amended complaint on March 2, 2015, the same day that the deadline file an amended complaint was set to expire. The Court granted that motion and gave Haynes almost sixty additional days past the initial deadline to make her filing, but Haynes failed to file an amended complaint. Haynes also failed to respond to Defendants' discovery requests and a motion to compel, and failed to file any of her initial trial documents when they were due in July of 2015. Although it is true that Haynes was unrepresented until very recently, her failure to participate leaves the Court little choice but to find that she was not diligent in pursuing her case.

Moreover, Mr. Noble does not provide any explanation for why he delayed for over a month before asking the Court for leave to file an amended complaint. Given the age of this case, the Court is unwilling to grant Haynes's request for an opportunity to amend her complaint at this advanced stage without a much stronger showing as to why such a request could not have been made earlier.

ORDER

For the reasons stated, plaintiff's motion for leave to file an amended complaint [58] is denied.

Dated this  30  day of  September, 2015.

*Marco Hernández*

MARCO A. HERNÁNDEZ
United States District Judge