IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LISA HAYNES,

            Plaintiff,

    v.

CITY OF PORTLAND; OFFICER GREG
BALDWIN, individually; OFFICER
JORDAN WINKEL, individually,

            Defendants.

No. 3:14-cv-00255-HZ

OPINION & ORDER

Lisa Haynes
8415 NE Russell St., Unit A
Portland, OR 97220

    Pro se Plaintiff

James G. Rice
Rebeca A. Plaza
City of Portland
1211 SW Fourth Ave., Room 430
Portland, OR 97204

    Attorneys for Defendants

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Plaintiff Lisa Haynes sued two Portland Police officers, Jordan Winkel and Greg Baldwin, for allegedly violating her Fourth Amendment rights during an investigatory stop. The Court held a three-day jury trial in December of 2015. After deliberating for seven hours, the jury found that Officer Winkel did not violate Ms. Haynes's rights, but deadlocked regarding Officer Baldwin. The Court declared a mistrial against Baldwin and, about a month later, convened a new jury panel for a second trial against him. The second jury found that Officer Baldwin did not violate Ms. Haynes's constitutional rights.

Currently before the Court is Defendants' Bill of Costs, seeking approximately $11,800 from Ms. Haynes. This is not a typical case subject to the normal presumption in favor of awarding costs to the prevailing party because Ms. Haynes is unemployed and indigent, and the issues she raised were close and important. Therefore, Defendants' Bill of Costs is denied.

## STANDARDS

Under Federal Rule of Civil Procedure 54, costs "should be allowed to the prevailing party." Rule 54 creates a presumption in favor of awarding costs to the prevailing party. E.g., Ass'n of Mexican–Am. Educators v. California, 231 F.3d 572, 592 (9th Cir. 2000). "[I]f a district court wishes to depart from that presumption, it must explain why so that the appellate court will be able to determine whether or not the trial court abused its discretion . . . [and] explain why a case is not ordinary." Id. at 594 (internal quotation marks omitted). To rebut the presumption, the court may consider the losing party's limited financial resources, misconduct on the part of the prevailing party, the importance and complexity of the issues raised, the merit of the plaintiff's case, and the chilling effect on future civil rights litigants of imposing high costs. Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003) (citations omitted). The district court,

however, "needs no affirmatively expressed reason to tax costs. Rather, it need only conclude that the reasons advanced by the party bearing the burden—the losing party—are not sufficiently persuasive to overcome the presumption." Id. at 946.

Costs taxable under Rule 54(d) "are limited to those set forth in 28 U.S.C. §§ 1920 and 1821[.]" Twentieth Century Fox Film Corp. v. Entm't Distrib., 429 F.3d 869, 885 (9th Cir. 2005). Section 1920 lists the specific items a prevailing party may recover as costs:

1) Fees of the clerk and marshal;
2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
3) Fees and disbursements for printing and witnesses;
4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
5) Docket fees under section 1923 of this title;
6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920(1)–(6). The district court retains broad discretion to decide how much to award, if anything. Padgett v. Loventhal, 706 F.3d 1205, 1209 (9th Cir. 2013); see also T.L. ex rel. Lowry v. Sherwood Charter Sch., No. 03:13-CV-01562-HZ, 2015 WL 667610, at *1 (D. Or. Feb. 15, 2015); Arboireau v. Adidas Salomon AG, No. 01–105–ST, 2002 WL 31466564, at *4 (D. Or. June 14, 2002).

## DISCUSSION

The City seeks approximately $11,800 in costs. Bill of Costs, ECF 144. The City's claimed costs are generally of the type allowed as taxable under Rule 54, including $330 for the service of summons and subpoenas, $5,700 for transcripts, $130 for witnesses, $3,500 for making copies, and about $2100 for trial exhibits. Bill of Costs at 1 (amounts approximated); see Tucker v. Cascade Gen., Inc., No. 3:09-CV-1491-AC, 2015 WL 2092849, at *2–5 (D. Or. May

3 – OPINION & ORDER

5, 2015) (explaining the categories of taxable costs and what trial materials qualify under each) . The City's request for costs is reasonable, especially considering that it defended two separate jury trials in federal court. See Darensburg v. Metro. Transp. Comm'n, No. C-05-01597 EDL, 2009 WL 2392094, at *2 (N.D. Cal. Aug. 4, 2009) (collecting civil rights cases with costs ranging from about $2,800 to $8,500).

The Court declines, however, to award costs in this case. It is clear from the record that Ms. Haynes has limited means. The Court granted her IFP status at the beginning of the case because her application revealed she could not afford the costs of this action. She submitted a second application for IFP status in connection with her appeal of her case to the Ninth Circuit. Her current application shows Ms. Haynes is indigent—she has been unemployed since 2001, she has no current income, and no assets. She lives in subsidized housing and the vast majority of her rent is paid by a nonprofit organization. Ms. Harris raised legitimate claims about police misconduct, an important issue here in Oregon and nationwide. Her case was a close one which was difficult for jurors to resolve, and even resulted in a hung jury and a mistrial as to one defendant. Although the City's requested costs of approximately $11,800 is not unreasonable by federal litigation standards, awarding such an amount against Ms. Haynes would create an extraordinary hardship and may have a chilling effect on future civil rights litigants.

Accordingly, Ms. Haynes's objections to the City's Bill of Costs are sustained, and the Bill of Costs is denied.

//
//
//
//

4 – OPINION & ORDER

## CONCLUSION

For the reasons stated, Defendant's Bill of Costs [144] is denied.

IT IS SO ORDERED.

Dated this \_\_16\_\_ day of \_\_April\_\_, 2016.

_____
MARCO A. HERNÁNDEZ
United States District Judge